UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOTE,<br><br>        Plaintiff,<br><br>    v.<br><br>DERHAM-BURK,<br><br>        Defendant. | Case No. 3:18-cv-02246-WHO<br><br>**ORDER ON BANKRUPTCY APPEAL** |

## INTRODUCTION

Appellant Caroline Bote ("Bote") was due to complete her chapter 13 bankruptcy plan on February 11, 2018. Less than two months after her plan was finalized in 2013, one creditor filed a proof of claim that converted a $14,368.19 claim from nonpriority to priority. Accordingly, it became payable under the plan. Bote did not object to the classification until December 13, 2017, one month after receiving a notice of final payment due with a remaining balance of $15,695.00. She did not set the objection for hearing until March 2, 2018, after the 60th month of her plan had elapsed.

On March 9, 2018, the Trustee filed a motion to dismiss Bote's case because of material default. Bote failed to timely object, and on April 4 the bankruptcy court dismissed her case without a hearing. Bote now brings this appeal, arguing that the bankruptcy court abused its discretion in vacating a hearing on her claim objection, refusing to consider her untimely opposition to the motion to dismiss, and dismissing the case without a hearing. The bankruptcy court did not abuse its discretion, and I AFFIRM the dismissal of Bote's case.

## BACKGROUND

Caroline Bote filed for chapter 13 bankruptcy on January 11, 2013. Bankruptcy Case (13-

bk-50174) Chapter 13 Petition ("Petition") [Bk. Dkt. No. 1]. The bankruptcy court confirmed her plan on March 26, 2013. Order Confirming Plan [Bk. Dkt. No. 23]. The plan called for her to pay $75 to the Trustee each month for the 60-month duration of the plan. Order Confirming Plan ¶¶ 4–5. Based on the dates of the petition and the first payment, the plan ended on February 11, 2018. *See id.*; Appellee Brief [Dkt. No. 12] 2.

In Bote's plan, she listed a $14,136.52 debt owed to the California Franchise Tax Board ("FTB"). Chapter 13 Petition 26. She categorized it as an unsecured nonpriority claim that would receive 0% distribution. *Id.* 17. Accordingly, that claim was not projected to impact her ability to complete the plan within five years with $75-per-month payments. *See* Appellant Brief 4; Appellee Brief 2. On May 14, 2013, prior to the deadline for doing so, the FTB filed proof of claim asserting a $14,368.19 priority unsecured claim. Proof of Claim [Bk. Dkt. No. 32-2]. The Trustee proceeded to make payments toward it as provided under Bote's plan. Appellee Brief 3.

On November 13, 2017, the Trustee filed and Bote received a notice of final payment due, which reflected a remaining balance of approximately $15,935.00. Notice of Default [Bk. Dkt. No. 31] ¶ 1. The notice informed Bote that the plan was due to be completed on February 11, 2018, and that failure to complete or modify it could result in dismissal without further notice or hearing. *Id.* ¶ 3.

Bote determined that the outstanding balance was due to the classification of the $14,368.19 FTB claim. Appellant Brief 4. She filed a claim objection on December 13, 2017 on the grounds that the priority classification was invalid. Objection to Claim [Bk. Dkt. No. 32-1] 1. The FTB opposed on January 3, 2018. Opposition to Claim Objection [Bk. Dkt. No. 33]. On March 2, 2018, Bote scheduled the matter for an April 4 hearing. Notice of Hearing [Bk. Dkt. No. 37].

On March 9, the Trustee filed a motion to dismiss the bankruptcy plan because of Bote's material default under section 1307(c)(6) of the Bankruptcy Code. Motion to Dismiss ("MTD") [Bk. Dkt. No. 38]. The Trustee did not set the matter for hearing but provided notice that any objection or request for a hearing should be requested within 21 days as required by Bankruptcy Local Rule 9014-1(b)(3)(A). *See* Notice and Opportunity for Hearing [Bk. Dkt. No. 39] 1–2;

Appellant Brief 5. Bote failed to timely object or request a hearing. *See* Request for Entry of Order by Default [Bk. Dkt. No. 40] ¶ 3.

On April 2, after 24 days had passed, the bankruptcy court vacated the April 4, hearing on Bote's objection to the FTB claim. *See* 04/02/2018 Bankruptcy Docket Entry. That same day, the Trustee filed a request for entry of default, noting that Bote had not filed a timely objection or otherwise contacted the Trustee to oppose the motion to dismiss. Request for Entry of Order by Default ¶ 3. On April 3, Bote filed an objection to the Trustee's motion to dismiss and requested a hearing. Objection to MTD [Bk. Dkt. No. 41]. She separately moved to modify her plan to extend it by six months, but she did not initiate notice and opportunity for a hearing on the proposed modification. Motion to Modify Plan [Bk. Dkt. No. 42].

On April 4, the bankruptcy court dismissed the case. Order Dismissing Case [Bk. Dkt. No. 43]. Judge Blumenstiel noted that after the FTB opposed her claim objection on January 3, Bote "demonstrated zero interest in prosecuting her objection" until March 2, when she set it for a hearing. *Id.* 1. Based on that delay and Bote's failure to timely oppose the Trustee's motion to dismiss, the court concluded that she "[had] shown very little interest in successfully completing her case." *Id.* 2. The court declined to consider Bote's opposition to the motion to dismiss. *Id.* Bote gave notice to the Trustee and requested a hearing on her motion to modify the plan on April 5. Notice and Opportunity for a Hearing [Dkt. No. 44]. She filed a notice of appeal to this court on April 12, 2018. Notice of Appeal [Bk. Dkt. No. 46].

Throughout these proceedings, Bote was represented by counsel. Petition page 1.

**LEGAL STANDARD**

This court has jurisdiction to hear appeals from a bankruptcy court pursuant to 28 U.S.C. § 158(a). *Educ. Credit Mgmt. Corp. v. Pope*, 308 B.R. 55, 59 (N.D. Cal. 2004). "A court's interpretation and application of local rule is reviewed for an abuse of discretion." *In re Schlegel*, 526 B.R. 333, 338 (B.A.P. 9th Cir. 2015). Dismissal of a chapter 13 bankruptcy is also reviewed for an abuse of discretion. *Id.* A court "necessarily abuses its discretion when it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Flexible Lifeline Sys., Inc. v. Precision Lift,*

3

*Inc.*, 654 F.3d 989, 994 (9th Cir. 2011)).

## DISCUSSION

### I. VACATING THE CLAIM OBJECTION HEARING

Bote argues that the bankruptcy court denied her due process rights and abused its discretion when it vacated the hearing for her claim objection. She argues that the case was not ripe for dismissal when the bankruptcy court vacated the hearing because the Trustee had not yet filed a request for entry of default. Appellant Brief 12.

Courts "have the inherent authority to manage their dockets." *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). I cannot say that the bankruptcy court abused its discretion when it vacated the hearing on the claim objection, which Bote did not set until after the 60th month of her plan had elapsed. Bote's plan was in default past its deadline, the Trustee had filed a motion to dismiss, and the time to oppose that motion had passed. The court had every reason to consider the motion to dismiss on the merits prior to entertaining the merits of the claim objection.

Bote's over-four-year delay in objecting to the FTB's claim provides even more support for the bankruptcy court's decision. The FTB filed its proof of claim on May 14, 2013, and Bote waited until December 13, 2017 to object. Even after she did object, she waited almost two months after the FTB filed its opposition to set the matter for hearing. Given the lapse in time and the pending unopposed motion to dismiss, the bankruptcy court acted within its discretion when it vacated the hearing.

### II. DISMISSING THE CASE

Bote argues that the bankruptcy court abused its discretion by dismissing her case without a hearing and without considering her late opposition to the Trustee's motion.

### A. The Bankruptcy Court Was Not Required to Have a Hearing

Relying on the Ninth Circuit case *In re Eliapo*, Bote argues that the bankruptcy court was required to have a hearing on the motion to dismiss because it took an adverse position to her and because doing so was a denial of due process. Appellant Brief 15–16; *In re Eliapo*, 468 F.3d 592, 602 (9th Cir. 2006). In that case, the bankruptcy court decided an unopposed motion for attorney fees without a hearing. *In re Eliapo*, 468 F.3d at 595. The Ninth Circuit held that if the court had

4

granted the fee request in full, no hearing would have been required under Bankruptcy Rule 2017(b). *Id.* at 602. But because the court had "materially reduced" the amount of attorney fees, it had taken on the role of the adversary and was therefore required to provide a hearing to the requesting party under Rule 2017(b). *Id.* The Ninth Circuit wrote that because its decision was based on the rule, it did "not need to reach the question whether the Due Process Clause also required notice and a prior hearing." *Id.* at 603.

*In re Eliapo* case has no application to these facts. Bote did not make an unopposed request that the bankruptcy court altered without a hearing, essentially taking on the adversary's role. Instead, the Trustee requested dismissal, which the bankruptcy court granted in full. Under the very rule articulated by the Ninth Circuit in *In re Eliapo*, no hearing was required on this unopposed motion. *See In re Eliapo*, 468 F.3d at 602. Bote provides no support for her Due Process Clause arguments given that the Ninth Circuit declined to reach that question in the only case she cites.

Bote adds that the bankruptcy court took an adverse position to her motion to modify when it dismissed the case despite its awareness of her motion. But the court did not decide the merits of the motion to modify, which had not yet been noticed and set for hearing. Rather, it decided the merits of the Trustee's motion to dismiss, which Bote had failed to timely oppose.

**B. The Bankruptcy Court Did Not Abuse Its Discretion in Deeming the Motion Unopposed**

Bote argues that the bankruptcy court abused its discretion when it ignored her untimely objection and request for a hearing in response to the Trustee's motion to dismiss and instead treated the motion as unopposed.

Bote's opposition to the motion to dismiss was untimely. The Bankruptcy Local Rules require that "[a]ny objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice." BANKR. L. R. 9014-1(b)(3)(A). Bote argues that her motion was timely under the Federal Rules of Bankruptcy Procedure, and that those should win out over the local rules when there is a conflict between them. Appellant Brief 20–23. But there is no conflict between the two rules; rather, the federal rules explicitly allow courts to specify the time for filing written motions. *See* FED. R. BANKR. P.

5

1 9006(d) ("A written motion . . . and notice of any hearing shall be served not later than seven days
2 before the time specified for such hearing, unless a different period is fixed by these rules or by
3 order of the court.").

4 The bankruptcy court acted within its discretion when it declined to consider Bote's
5 untimely motion and instead deemed the motion to dismiss uncontested. In *In re Schlegel*, the
6 Ninth Circuit Bankruptcy Appellate Panel held that a bankruptcy court had discretion to deem a
7 motion to dismiss uncontested when the debtors failed to submit a written opposition. 526 B.R. at
8 339. It was within the court's discretion to consider debtors' silence to be consent, "as long as
9 [the motion to dismiss] was meritorious." *Id.* The only remaining question is whether the
10 bankruptcy court abused its discretion when it found the motion to dismiss meritorious.

**C. The Bankruptcy Court Did Not Abuse Its Discretion in Dismissing the Case**

Bote challenges the court's decision to dismiss her case, arguing that she had timely made all payments and that a delay in setting her claim objection for a hearing is insufficient grounds for the court's conclusion that she showed little interest in successfully completing her case. Appellant Brief 25. In addition, dismissal was not in the best interest of the creditors and the estate. *Id.* 26.

I am sympathetic to Bote, who timely paid under her bankruptcy plan for five years. The unfortunate fact is that she (by and through her counsel) had years to object to the FTB's proof of claim and yet failed to do so. Even when she initiated the process of objecting to the claim, the bankruptcy court found that she "demonstrated zero interest" in prosecuting it. Order of Dismissal 1. Given Bote's many delays, I cannot say that this finding of fact was "clearly erroneous." *See Farris*, 677 F.3d at 864. The bankruptcy court also acted within its discretion when it found dismissal in the best interest of creditors and the estate, especially given that most creditors went more than five years without any payment on the debt or any ability to pursue other remedies against Bote.

**CONCLUSION**

Given the nearly four-and-a-half years Bote had to object to the FTB's claim, her delay in prosecuting the eventual objection, and her failure to timely oppose the Trustee's motion to

dismiss, I cannot say the bankruptcy court abused its discretion when it dismissed her case. The bankruptcy court's order of dismissal is AFFIRMED.

**IT IS SO ORDERED.**

Dated: October 29, 2018



William H. Orrick
United States District Judge